United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SUCH, next friend to<br>BILLY RAY MALDONADO,<br>      Petitioner,<br><br>   v.<br><br>JAMES A. YATES, warden,<br>      Respondent.                      / | No. C 07-102 MHP (pr)<br><br>**ORDER** |

This habeas action is now before the court for consideration of the unopposed application of Richard Such to proceed as petitioner's next friend and respondent's unopposed motion to dismiss the unexhausted claim.

A.    <u>Application To Proceed As Next Friend</u>

The petition and verification were signed by attorney Richard Such, who represented Billy Ray Maldonado in his state court appeal but did not purport to represent Maldonado in this action. The court ordered Such to file a signed petition from Maldonado or to apply to proceed as his next friend. Attorney Such later filed an application for leave to bring the petition as Maldonado's next friend. Respondent filed a notice of non-opposition to the application.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf." 28 U.S.C. § 2242. A person other than the detained person may file an application for a writ of habeas corpus and establish standing as a "next friend." <u>See</u> <u>Whitmore v. Arkansas</u>, 495 U.S. 149,

163 (1990). A next friend does not himself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Id.

Richard Such filed a declaration explaining that Maldonado cannot appear on his own behalf to prosecute this action because Maldonado appears to be mentally ill and does not want to possess in prison materials pertaining to his case due to unidentified sensitive facts of his case. Such also submitted evidence that supports a finding that he is dedicated to the best interests of Maldonado: he represented him in the state court appellate proceedings and continues to correspond with him. See Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). Although it is a close call, the court concludes that the two prerequisites to "next friend" standing have been met. For the foregoing reasons, Richard Such's application to proceed as Maldonado's best friend is GRANTED. (Docket # 12.)

As the next friend, Such does not himself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Whitmore, 495 U.S. at 163. All documents to be served on the petitioner shall be sent to Such as next friend to Maldonado.

Notwithstanding the court's ruling that Such may proceed as Maldonado's next friend, the court is quite concerned that Such ignored the court's initial order (in the Order to Show Cause) that he take care of the proper petitioner problem, and the court had to sua sponte reset the deadline. Because any further missteps by Such will work to the great detriment of Maldonado, the court wants to be sure that Maldonado is aware that this action exists and is most likely his one and only opportunity to challenge his state court conviction. Therefore, Such must file and serve a declaration no later than **May 2, 2008**, confirming that he has informed Maldonado (a) that Such is proceeding as his next friend, (b) of the claims for relief asserted in the habeas petition, and (c) that Maldonado can write to the court to promptly object to Such proceeding as his next friend.

B.  <u>Motion To Dismiss</u>

Respondent moved to dismiss on the ground that the fourth of the four claims raised in the petition had not presented to the California Supreme Court before being raised in the federal petition. Petitioner filed a notice of non-opposition to the motion, stating that he agreed that Claim 4 had not been exhausted and requesting that it be dismissed and that the case proceed with the first three claims in the petition. Accordingly, the court GRANTS the motion to dismiss. (Docket # 8.) Claim 4, i.e., the claim that petitioner's rights to due process and a jury trial were violated when the trial court failed submit to the jury the question of whether the burglary was first degree burglary, is now DISMISSED.

With the dismissal of that claim, the mixed petition problem is solved and the case can move forward for adjudication of the first three claims identified in the order to show cause. Respondent has filed an answer to the order to show cause discussing the three exhausted claims. The court needs only a traverse for the matter to be fully submitted. Accordingly, if petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **May 2, 2008**.

IT IS SO ORDERED.

DATED: 2/26/2008

Marilyn Hall Patel
United States District Judge

3